IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CROSSVILLE MEDICAL ONCOLOGY, P.C., | ) | |
| Plaintiff/Counter-Defendant, | ) ) | Case No. 2:04-00091 |
| | ) | JUDGE HAYNES |
| v. | ) ) | |
| GLENWOOD SYSTEMS, LLC, d/b/a GLENWOOD SYSTEMS, INC., | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) ) ) | |

Consolidated with:

| | | |
|---|---|---|
| GLENWOOD SYSTEMS, LLC, d/b/a GLENWOOD SYSTEMS, INC., | ) ) ) | Case No. 2:10-00061 |
| Plaintiffs, | ) ) | JUDGE HAYNES |
| v. | ) ) | |
| DAVID C. TABOR, M.D., | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

Fed. R. Civ. P. 42 provides the following standards for consolidation of separate actions:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

1

Courts that have applied Fed. R. Civ. P. 42 to explain that the primary purpose of joining actions is to "promote convenience and judicial economy." Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 77 L.Ed. 1331 (1973); Katz v. Realty Equities of New York, 521 F.2d 1354, 1358 (2d Cir. 1975); May v. United States, 515 F. Supp. 600, 603 (S.D. Ohio 1981). Fed. R. Civ. P. 42 is also "designed to encourage consolidation where common questions of law or fact are present." 9 Wright & Miller's Federal Practice and Procedure, § 2383 at 260-61 (1971); United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945), aff'd, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946). See also 5 Moore's Federal Practice § 42.02.

To be sure, "[c]onsolidation does not merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another." Midwest Community Council v. Chicago Park Dist., 98 F.R.D. 491, 499 (N.D. Ill. 1983) citing McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982); cf. Commodities Futures Trading Commission v. Board of Trade of City of Chicago, 657 F.2d 124 (7th Cir. 1981). "[Hence] [i]f two cases appear to this Court to be of like nature and relative to the same question, if a joint trial of them would avoid unnecessary costs and delay, and it is reasonable to try them together, it is within this Court's discretionary power to order consolidation." Midwest Community Council, 98 F.R.D. at 499, citing Mutual Life Insurance Co. v. Hillmon, 145 U.S. 285, 292, 12 S.Ct. 909, 36 L.Ed. 706 (1982).

Thus, the District Court possesses discretion to determine when actions involving common questions of law or fact are before the Court and whether such cases are proper for consolidation. Even where cases involve common questions of law or fact, consolidation may be rejected if upon consolidation, confusion and prejudice are likely to occur. "Where prejudice to the rights of the parties obviously results from the order of consolidation, the action of the trial

judge has been held reversible error." Dupont v. Souther Pacific Co., 366 F.2d 193, 196 (5th Cir. 1966), cert. denied, 396 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967). Critical to the resolution of such consolidation motion is whether confusion will occur or the rights of any party will be prejudiced by the consolidation. Wright & Miller, Federal Practice and Procedure, Civil § 2383 (1971).

Upon review of the files, the above-captioned actions both involve a common nucleus of facts and related parties. Thus, the Court concludes that it is appropriate to consolidate these actions to promote judicial economy and avoid unnecessary costs to the parties and witnesses in discovery and jurors at trial. Accordingly, these two actions are consolidated for all purposes.

It is so **ORDERED**.

ENTERED this the _6th_ day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge